THE STATE OF OHIO, APPELLEE,
v. ENGLISH, APPELLANT.

(No. C-840261 — Decided
January 16, 1985.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* for appellee.

*Richard L. Bell,* for appellant.

BLACK, J. The principal question raised by this appeal is what is to be done when the jury was properly instructed on aggravated burglary (R.C. 2911.11) consistently with the indictment and the evidence, but the verdict form delivered to and signed by the jury found the defendant guilty of burglary (R.C. 2911.12), and the court amended the verdict after the jury had been discharged, in effect, by sentencing defendant for aggravated burglary. We reverse. We find no authority directly on point in reported Ohio opinions.

The indictment contained two counts. The first charged defendant-appellant, Calvin English ("English"), with aggravated robbery in violation of R.C. 2911.01, and the second count charged him with aggravated burglary in violation of R.C. 2911.11. Each count was followed by a specification that English had a prior conviction of an offense substantially equivalent to an aggravated felony of the second degree.

The state's evidence was that at about 2:30 a.m. on the night in question, English knocked on the first floor apartment door of Jasper Shepard. When Shepard asked who was there, the response was, "Calvin." Shepard opened his door because he thought the visitor was English's father, who is also named Calvin English. When Shepard saw that it was the son, he tried to close the door, but English inserted his foot between the door and the jam. He threatened Shepard with an eight-inch butcher knife by jabbing it towards Shepard's throat and pushed him backwards so that Shepard lost his balance over two steps inside the apartment and fell against his bed. English took Shepard's pants containing currency in the approximate amount of $270, a folding datebook, Shepard's keys, and other items. English fled. Shepard tried to follow but lost him because Shepard was only partly dressed and was crippled by arthritis.

English was apprehended within minutes by a police "quadrant" and identified by Shepard on the street. While the pants and other items including the knife were never recovered, English had about $270 in currency on his person, including a one dollar bill on which Shepard had written his dog's name, folded inside a two dollar bill.

Shepard had written the dog's name on the bill because the dog had picked it up in her mouth and had brought it to him when he called her.

The defense was alibi. This was joined with an attack on Shepard's credibility, based on testimony that Shepard was very intoxicated, having spent the day drinking and playing cards in English's third floor apartment. Shepard denied that he had spent the entire day there and that he was intoxicated. English had observed Shepard's money roll when Shepard produced a ten dollar bill to buy more liquor, and he knew the location of Shepard's first floor apartment because he had helped escort Shepard there.

The court instructed the jury on the offenses of aggravated robbery and aggravated burglary and on the specification about the prior offense, all fully in accordance with the law. Neither the prosecutor nor the defense requested any instruction on the lesser included offense of burglary, and neither objected at any time to the absence of any such instruction. Both parties, and the court, obviously perceived the crux of the case to be the credibility of Shepard's testimony; either English was guilty of both aggravated robbery and aggravated burglary, or he was elsewhere at the time and was not guilty of either charge.

Four verdict forms were first read to the jury and then delivered to them for their deliberation. Two forms were for findings of not guilty. The guilty form for aggravated robbery was proper in all respects, but the guilty form on the second count read as follows:

"We, the Jury, in the issue joined, find the defendant, Calvin English, guilty of *Burglary, 2911.12 R.C.,* as charged in the Second Count of the Indictment. We further find that the defendant, Calvin English, * _____ been convicted of a previous offense as charged in the Specification to Count Two. [Emphasis added.]

"* Insert above: 'had' or 'had not' "

We interpret the plain meaning of this form to refer to burglary, not aggravated burglary, because it specifies the name of the offense and the statute; we do not consider the reference to "the Second Count of the Indictment" to be controlling. The record contains no explanation for the variance of the verdict form.

The evidence was uncontradicted that the "occupied structure" entered by the burglar was Shepard's permanent habitation in which he was present. On the evidence, the only offense of which English could be found guilty was aggravated burglary. However, neither the court nor the attorneys caught the error, even after the jury came back with a written question which read as follows: "Can we find the defendant guilty of robbery and burglary rather than burglary and aggravated robbery?" The court did not reveal this question to the attorneys until after the court had reinstructed the jury on the elements of aggravated robbery and aggravated burglary and sent them back to their deliberations. The jury signed both guilty verdicts, including the mistaken one, finding that the specification about prior conviction was true as to both counts. The jury was then discharged.

The next day, prior to sentencing, the error in the burglary verdict was discussed by the court and counsel. Defense counsel moved first for a mistrial and then for a single sentence (on the grounds that the offenses were "allied offenses of similar import" under R.C. 2941.25 [A]). The court denied both motions and sentenced English to two concurrent terms of ten to twenty-five years each, thus imposing the penalty for aggravated burglary, not burglary.

In his second assignment of error, English contends that the court erred "in amending the verdict form." We agree. The verdict of guilty of burglary was obviously an error. A correction might have been made under proper instructions to the jury before it was

discharged, but that opportunity passed without being seized. Once the jury was discharged and the verdict entered of record, the verdict could not be amended by the court on motion or *sua sponte;* it was the jury's verdict not the judge's.

The court erred in overruling defendant's motion for a mistrial, and as defendant protests, the court erred when it imposed a sentence for aggravated burglary, thus in effect amending the verdict. The sentence cannot stand.

We conclude that under the Double Jeopardy Clause of the United States Constitution, the defendant cannot be subjected to a second trial under the second count, but that he may, and should, be resentenced for burglary (with a prior conviction). The question of defendant's guilt or innocence under the second count was fully presented to the jury and the jury reached a final conclusion. The original jeopardy under the second count was thereby terminated, and the Double Jeopardy Clause bars further prosecution. Cf. *Richardson* v. *United States* (1984), 82 L.Ed.2d 242. The termination of the trial was infected by error, because the possibility of finding English guilty of burglary should never have been presented to the jury. The error was not induced by the defense; it was the trial court's error. Nevertheless, the trial resulted in a verdict on the merits of the second count in defendant's favor, and the court's error does not make it any the less final. In an analogous case, trial court's erroneous acquittal of a defendant stemming from mistaken evidentiary rulings was held to be an effective bar against retrial. *Sanabria* v. *United States* (1978), 437 U.S. 54.

It might be argued that under the state of the evidence in the instant case, the jury did not decide, either expressly or by implication, that English was not guilty of aggravated burglary when they signed the verdict of guilty of burglary. Cf. *Green* v. *United States* (1957), 355 U.S. 184. That argument is not persuasive, however, because the rule is that a defendant need only run the gauntlet once and that having emerged with a conclusion at least partially favorable to him, he cannot be made to run it again. Cf. *Bullington* v. *Missouri* (1981), 451 U.S. 430 (when a jury has fixed punishment at life imprisonment, not death, in a separate, evidentiary proceeding in sentencing at the conclusion of the first trial, the death penalty cannot be imposed in the second trial).

In the first assignment of error, English argues that aggravated burglary and aggravated robbery were, on the evidence in this case, "allied offenses of similar import" under R.C. 2941.25 (A), and that he could not be sentenced for both offenses. We disagree. As stated in *State* v. *Frazier* (1979), 58 Ohio St. 2d 253 [12 O.O.3d 263], the aggravated burglary was completed when the defendant forced his way into the victim's apartment with purpose to rob him, and it is irrelevant to that charge that the robbery was in fact committed. When the aggravated robbery was committed, a new and dissimilar charge arose. Cf. *State* v. *Parson* (1983), 6 Ohio St. 3d 442, 446, and *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416.

The first assignment of error has no merit but the second does. We reverse the judgment below only insofar as it sentences English for aggravated burglary with a prior conviction; we do not disturb the verdict of guilty of burglary. We affirm the judgment insofar as it recites the verdict of guilty of aggravated robbery and sentences him to a term of ten to twenty-five years for that offense with a prior conviction. We remand this case for resentencing pursuant to the jury's verdict under the second count.

*Judgment accordingly.*

KEEFE, P.J., and DOAN, J., concur.