OPINION
Appellant, John M. Stone, appeals from the judgment of the Ashtabula County Court of Common Pleas, convicting him of felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification, and domestic violence, in violation of R.C.2919.25(A), with a firearm specification.
On the night of March 14, 1998, appellant and his wife, Rhonda Stone, went out drinking with friends. At a local drinking establishment, appellant began to argue with a bar patron named Bob Klein because appellant believed that his wife was having an extra marital affair with Klein. After appellant and Klein stopped arguing, appellant and his wife went home together, and appellant continued to accuse his wife of having an affair. Appellant's wife testified that she went to a girlfriend's house for a few hours and, when she returned, she had to wake appellant to let her into the house. Appellant continued the accusations and became violent. His wife testified that he grabbed her, threw her on the couch, slammed her head against it, and punched her in the mouth. While she was lying on the floor, appellant went to the bedroom and returned with a 12-gauge shotgun. Appellant loaded the shotgun and fired it into the ceiling. He then instructed his wife to lie face down on the floor, pointed the gun at her, and told her that he was going to kill her. Mrs. Stone convinced appellant to put the gun down and then ran to a neighbor's house to call 9-1-1.
On July 8, 1998, appellant was indicted by the Ashtabula County Grand Jury on three counts: (1) felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification; (2) domestic violence, in violation of R.C. 2919.25(A), with a firearm specification; and, (3) disrupting public services, in violation of R.C. 2909.04(A)(1). On August 26, 1998, a jury trial commenced. After the State presented its case, appellant moved for acquittal pursuant to Crim.R. 29. The trial court granted appellant's motion as to count three, which it dismissed. The jury returned a verdict of guilty on counts one and two of the indictment. From his judgment of conviction, appellant asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of appellant when it sentenced him to three year terms of actual incarceration on the jury's verdict that appellant had `a firearm on or about his person or under his control' while committing felonious assault and domestic violence.
 "[2.] The appellant was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 "[3.] The trial court erred to the prejudice of appellant when it sentenced him to a three year term of actual incarceration on Count Two of the indictment.
 "[4.] The trial court erred to the prejudice of appellant when it instructed the jury as follows: `the act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient to convict a defendant of felonious assault.'
 "[5.] The trial court erred to the prejudice of appellant when it entered convictions and sentenced appellant on two allied offenses of similar import."
In his first assignment of error, appellant alleges that the trial court erred by sentencing him to serve a three year term of actual incarceration for the firearm specifications on counts one and two. We do not need to consider whether the jury's verdict was sufficient to convict appellant of the firearm specification on count two of the indictment because the trial court did not sentence appellant for this specification. Appellant contends that because the jury's verdict tracks the language of R.C. 2941.14.1 and not the language of R.C. 2941.14.5, the offense for which appellant was charged in the indictment, the trial court could only sentence appellant for a violation of R.C. 2941.14.1.
R.C. 2929.14(D)(1)(a)(i) requires that an additional prison term of three years shall be imposed if the offender is convicted of the type of specification described in R.C. 2941.14.5, and an additional one-year prison term shall be imposed if the offender is convicted of the type of specification described in R.C. 2941.14.1. The jury's verdict form stated that appellant had "a firearm on or about his person or under his control while committing felonious assault" and did not include the language from R.C. 2941.14.5 that appellant also "displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." Without the language from R.C. 2941.14.5, it appears that the jury only found appellant guilty of the specification described in R.C. 2941.14.1, which only requires a finding that the offender "had a firearm on or about the offender's person or under the offender's control while committing the offense." Although the jury's verdict form failed to include the language from R.C. 2941.14.5, we cannot conclude that the trial court was precluded from sentencing appellant to a three-year term of actual incarceration for violating R.C. 2941.14.5.
Appellant acknowledges that he was charged with the R.C. 2941.14.5 specification in the indictment and that the jury was properly instructed on that specification. He relies on State v.English (1985), 21 Ohio App.3d 130, 486 N.E.2d 1212, to support his contention that the trial court erred by sentencing him to a three year term of actual incarceration; however, the facts inEnglish are distinguishable from the facts in the instant case. In English, the First District Court of Appeals held that
 "when a jury returns a verdict of guilty of burglary rather than aggravated burglary because it was given the wrong verdict form, a trial court may not amend the verdict to a finding of guilty of aggravated burglary." Id. at 131.
In English, nothing in the record indicated that the jury meant to find English guilty of aggravated burglary rather than burglary; therefore, the trial court could not impose a sentence for aggravated burglary without resubmitting the issue to the jury.
The trial court specifically instructed the jury that before it could find the defendant guilty of felonious assault, it had to find beyond a reasonable doubt that appellant knowingly caused or attempted to cause physical harm to Rhonda Stone by means of a deadly weapon. The jury was further instructed that the act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient to convict a defendant of the offense of felonious assault.
This case is similar to State v. Hawkins (1997), 120 Ohio App.3d 277, 697 N.E.2d 1045, in which we held that a jury's failure to state in its verdict form that the defendant possessed lysergic acid diethylamide (LSD) did not necessitate a finding of guilty to the least degree of the charged offense. In Hawkins, the jury verdict form merely stated that the jury found defendant "guilty of drug abuse"; however, the jury was specifically instructed that it could find her guilty of drug abuse only if it found, beyond a reasonable doubt, that the defendant knowingly obtained, used, or possessed LSD. Hawkins argued that because the jury was required to find specifically that she possessed LSD, she should be found guilty of only the least serious offense of R.C.2925.11, possessing or using marijuana. We reasoned that the jury's verdict of guilty to the drug abuse charge necessarily indicated that it believed that she knowingly obtained or possessed LSD.
In the instant case, the jury was specifically instructed that the "act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient to convict a defendant of the offense of felonious assault." The jury returned a verdict of guilty on the charge of felonious assault. The jury also found appellant guilty of having a firearm on or about his person or under his control while committing the offense of felonious assault. These two jury findings indicate that the jury believed that appellant committed felonious assault by means of a firearm and that appellant pointed a gun at his wife and threatened her with it. Pointing a gun at an individual and threatening her with it is the equivalent of displaying, brandishing, or using a firearm during the commission of the offense; therefore, the jury's guilty verdict on the charge of felonious assault demonstrates that the jury believed that appellant was guilty of the firearm specification set forth in R.C. 2941.14.5. The trial court did not err by sentencing appellant to a three-year term of actual incarceration for the firearm specification on count one. Appellant's first assignment of error has no merit.
In his fifth assignment of error, appellant alleges that the trial court erred when it entered convictions and sentenced him on both felonious assault and domestic violence. Appellant contends that felonious assault and domestic violence are allied offenses of similar import because the same conduct gave rise to both charges.
R.C. 2941.25 governs allied offenses of similar import and provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all them."
In State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, the Supreme Court of Ohio recently clarified the test for deciding whether charged crimes are allied offenses of similar import and specifically overruled Newark v. Vazirani (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, which held that the elements of offenses should be compared by reference to the particular facts alleged in the indictment and if the same conduct gave rise to both offenses, they were to be considered as allied offenses of similar import. The court determined that:
 "[U]nder an R.C. 2941.25(A) analysis the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. * * * Courts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.' [Emphasis in original.] [Citations omitted.]" Id. at 638.
If the elements of the crimes so correspond, the crimes are allied offenses of similar import. If they do not, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted. Rance, supra, at 636.
In the instant case, appellant was indicted for a violation of R.C. 2903.11(A)(2), which requires causing or attempting to cause physical harm to another by means of a deadly weapon or ordnance. Appellant was also indicted for domestic violence, a violation of R.C. 2919.25(A), which requires causing or attempting to cause physical harm to a family or household member. Felonious assault does not require that the victim be a family or household member, and domestic violence does not require that a deadly weapon or ordnance be used.
Because each offense requires proof of an element that the other does not, they are not allied offenses of similar import. These offenses are of dissimilar import based on an abstract comparison of the statutory elements; therefore, the trial court did not err by entering conviction for both felonious assault and domestic violence. Appellant's fifth assignment of error has no merit.
In his second assignment of error, appellant alleges that he was denied effective assistance of counsel in violation of theSixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, Ohio Constitution. Appellant contends that his trial counsel was ineffective because he failed to object to appellant being sentenced for two offenses which were allied offenses of similar import and failed to object to the trial court's imposition of concurrent three-year terms of actual incarceration for the firearm specifications.
In order to establish a claim for ineffective assistance of counsel, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To show that counsel's performance fell below an objective standard of reasonableness, a defendant must demonstrate that "counsel made errors so serious that counsel was not performing as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
 "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
As discussed above, appellant was not sentenced for two allied offenses of similar import; therefore, his counsel did not err by failing to object to the trial court sentencing appellant for both felonious assault and domestic violence. Nor can we agree with appellant's contention that he was denied effective assistance of counsel because his trial counsel did not object to the error in the jury's verdict form. Because the jury's verdict was sufficient to convict appellant of the firearm specification on count one, his counsel did not err by failing to object to the jury verdict. Appellant was not denied effective assistance of counsel. Appellant's second assignment of error has no merit.
In his third assignment of error, appellant alleges that the trial court erred by sentencing him to a three-year term of actual incarceration on count two of the indictment. He contends that the State of Ohio did not prove beyond a reasonable doubt that he had a firearm on or about his person or under his control while committing the offense of domestic violence. Although the jury found appellant guilty of a firearm specification on count two of the indictment, the trial court sentenced him to serve only one three-year term of actual incarceration on count one, felonious assault. Because the trial court did not sentence appellant to serve an additional three-year term of actual incarceration for the firearm specification on count two, appellant's assignment of error has no merit.
In his fourth assignment of error, appellant alleges that the trial court erred when it instructed the jury that the "act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient to convict a defendant of the offense of felonious assault." Appellant contends that although the jury instruction contained a correct statement of the law, the instruction should not have been given because the bill of particulars did not include the specific fact that appellant pointed a gun at his wife.
Appellant failed to object to the jury instruction before the jury retired to consider its verdict; therefore, absent plain error, appellant's failure to object is a waiver of the issue on appeal. State v. Underwood (1983), 3 Ohio St.3d 12, 13,444 N.E.2d 1332. Even if appellant had objected to the jury instruction, we cannot conclude that the trial court erred by giving the felonious assault instruction when the bill of particulars did not specifically state that appellant pointed a gun at his wife. As the Supreme Court of Ohio explained in Statev. Sellards (1985), 17 Ohio St.3d 169, 171, 478 N.E.2d 781: "[a] bill of particulars has a limited purpose — to elucidate or particularize the conduct of the accused to constitute the charged offense. A bill of particulars is not designed to provide the accused with specifications of evidence or to serve as a substitute for discovery." In the instant case, the bill of particulars states that appellant "loaded a 12 gauge shot gun, ordered his wife to the floor and said he was going to kill her. Defendant then fired the gun into the ceiling." That the bill of particulars fails to include the fact that appellant pointed a gun at his wife does not estop the trial court from instructing the jury that the act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient to convict a defendant of the offense of felonious assault. This instruction was proper because the evidence in the case reflected that appellant threatened his wife, while pointing a gun at her. See State v. Cox (1975), 42 Ohio St.2d 200, 207,327 N.E.2d 639. Appellant's fourth assignment of error has no merit.
For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
FORD, P.J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.