OPINION
{¶ 1} Dennis Flanigan was sentenced to two consecutive six-year prison terms and his driver's license was suspended for life as a result of his having been found guilty after a jury *Page 2 
trial of two counts of aggravated vehicular homicide while under the influence of alcohol.
 {¶ 2} This court affirmed the findings of guilty in State v.Flanigan, Montgomery App. No. 21460, 2007-Ohio-3158, but remanded for resentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470.
 {¶ 3} Upon remand, the trial court reimposed the same sentence it had previously imposed, prompting this appeal, wherein Flanigan advances two assignments of error:
 {¶ 4} "1. THE STATE OF OHIO FAILED TO PROVE THE DEATHS OF JIMMY KRUSE AND RILEY SMITH WERE THE PROXIMATE RESULT OF DEFENDANT-APPELLANT'S VIOLATION OF OHIO REVISED CODE SECTION 4511.19.
 {¶ 5} "2. DEFENDANT-APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 6} The State responds by saying that both of these assignments are barred by res judicata and should have been raised in Flanigan's first appeal, in an App. R. 26(B) application for reopening, or in a petition for post conviction relief.
 {¶ 7} As to the first assignment of error, we agree with the State that the assignment is barred by res judicata in that the issue raised in that assignment could have been asserted in Flanigan's first appeal. See State v. Simons, Champaign App. No. 2003 CA 29, 2004-Ohio-6061, at ¶ 6, citing State v. Hutton, 100 Ohio St.3d 176, 181-182,2003-Ohio-5607, 797 N.E.2d 948.
 {¶ 8} The first assignment is overruled.
 {¶ 9} As to the second assignment, we do not agree that the assignment is barred by res judicata. This is because Flanigan's first appeal was prosecuted by Attorney Michael *Page 3 
Columbus, who was also co-counsel with Attorney Frank Malocu for Flanigan at trial. As recognized by the court in Hutton, trial counsel "cannot realistically be expected to argue his own incompetence." Id. at ¶ 39.
 {¶ 10} We do not, however, believe that this appeal is the proper vehicle for raising the ineffectiveness of trial counsel which occurred during trial through the first sentencing. This appeal is from the resentencing and must be limited to error — or ineffectiveness of counsel-occurring at that hearing.
 {¶ 11} The proper vehicles for asserting ineffective assistance of counsel prior to the first appeal are a petition for post-conviction relief, State v. Cole (1982), 2 Ohio St.3d 112, 443 N.E.2d 169, fn. 1, or an application for reopening, pursuant to App. R. 26(B), to assert the ineffectiveness of appellate counsel in failing to assert the ineffectiveness of trial counsel. (In Hutton, supra, Hutton utilized the App. R. 26(B) application for reopening to assert his claims of ineffective assistance of counsel. Id. at ¶ 31, 32, 34).
 {¶ 12} Although Flanigan's brief concentrates on his counsel's ineffectiveness during trial through the first sentencing, he seems to also assert ineffectiveness after remand. He points to the fact that the State filed a sentencing memorandum, but that his counsel did not.
 {¶ 13} At the first sentencing, the trial court referred to Mr. Malocu's sentencing memorandum. Other than the State's sentencing memorandum filed after remand, we have no record of the resentencing other than the court's sentencing entry. The record thus fails to portray any ineffectiveness of counsel.
 {¶ 14} The second assignment is overruled.
 {¶ 15} The judgment will be affirmed. *Page 4 
 BROGAN, J. and FAIN, J., concur. *Page 1