[Cite as *State v. Brown*, 2012-Ohio-1425.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24602 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-1931 |
| v. | : | |
| | : | |
| JULIUS BROWN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. #0069300, 1250 West Dorothy Lane, Suite 105, Kettering, Ohio 45409
     Attorney for Defendant-Appellant

JULIUS BROWN, #A-648-557, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Julius Brown appeals from his conviction and sentence for Felonious Assault with a firearm specification.   Brown's assigned appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal.   By entry, we informed Brown that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date in order to file a pro se brief.   Brown filed a pro se brief proposing three assignments of error, to which the State has not responded.

2      Pursuant to our duty under *Anders,* we have conducted an independent review of the entire record, and we have found no potential assignments of error having arguable merit.   Accordingly, the judgment of the trial court is Affirmed.


I

3      One weekend in June 2010, three of Teddy Waters's daughters were visiting him in his home.   Waters called the mother of one of his daughters, Sierra Turner, to arrange for her to pick up their daughter.   Waters and the three girls were waiting in front of the house when Turner arrived a couple of hours later along with her boyfriend, Leonard Lenn, and her other child.   At the same time, two other vehicles pulled up containing several other individuals, including Lenn's uncle Julius Brown.   Waters did not know any of the people who arrived at his home, other than Turner and Lenn.

Turner and Waters began to argue about her having arrived so late to pick up their daughter. Hearing the argument, Teddy's girlfriend, Natalie Middleton, and his sister, Brittney White, came out of the house. White and Middleton noticed that, in addition to Turner and Lenn, there were several people present, none of whom they knew. White and Middleton's attention was drawn to Brown because they noticed that he was holding a handgun. White approached Brown and asked him to put the gun away, reminding him that there were children present. Brown told her not to worry, but he continued to hold the gun at his side.

Suddenly, Waters saw Brown raise the gun toward him, and Waters heard Brown threaten to shoot him. Brown fired several shots, none of which hit Waters. Waters, White, and Middleton pushed the children into the house, and White called the police. As Turner, Lenn, Brown, and the others drove away, Waters, White, and Middleton heard a couple more shots being fired.

Dayton Police Officers arrived a few minutes later. Waters, White, and Middleton described the shooter as a stocky, light-skinned black male, with freckles on his face. He was wearing a yellow and blue striped polo shirt, blue jeans, and a red baseball cap. Because Turner was known to frequently spend time at the DeSoto Bass housing project, the three witnesses believed that the group may have gone there.

The officers drove to DeSoto Bass, where they found the vehicles that had been described by Waters, White, and Middleton. The officers encountered Brown, who fit the description given by all three witnesses of the shooter. The officers brought Brown and Lenn back to Waters's home. Waters, White, and Middleton all identified Brown as the

shooter. After confirming that Lenn had not been involved, he was released. Brown was placed under arrest. The following month Brown was indicted on one count Felonious Assault with a firearm specification.

8        Brown filed a motion to suppress, which the trial court overruled. The case proceeded to trial, and a jury found Brown guilty as charged. The trial court sentenced Brown to ten years in prison. From his conviction and sentence, Brown appeals.


II

9        In his pro se filing, Brown proposes three assignments of error. In his first two proposed assignments of error, Brown claims that his conviction is against the manifest weight of the evidence and that the State presented insufficient evidence of his guilt.

10      A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991): "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

In contrast, when reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." *Thompkins,* 78 Ohio St.3d 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

Specifically, Brown insists that Waters's testimony was not credible because Waters signed an affidavit prepared by defense counsel, which stated that Waters had misidentified Brown as the shooter. While the affidavit certainly is relevant to the issue of Waters's credibility, determinations of witness credibility are primarily for the trier of fact, to which an appellate court should give substantial deference. *Barberton v. Jenney*, 126 Ohio St. 3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶ 20.

In this case, the jury was aware that Waters identified Brown as the shooter at the scene of the crime and at three previous court hearings. At trial, Waters, White, and Middleton all positively identified Brown as the shooter. Furthermore, Waters explained that he had signed the affidavit because he was feeling internally pressured and scared, and he just wanted the whole situation to be over. We see no potentially meritorious argument to be made concerning the weight or sufficiency of the State's evidence.

In his third proposed assignment of error, Brown maintains that he was denied the effective assistance of appellate counsel. However, the proper vehicle for asserting

ineffective assistance of appellate counsel is not on direct appeal, but in an application to re-open, pursuant to App.R. 26(B). *State v. Flanigan,* 2d Dist. Montgomery No. 22356, 2008-Ohio-4135, ¶ 11, citing *State v. Hutton,* 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948.


### III

15 After performing our duty of independent review, we have found no potential assignments of error having arguable merit. We conclude, therefore, that this appeal is wholly frivolous. Consequently, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck
Andrew T. French
William T. Daly
Julius Brown
Hon. Dennis J. Adkins