DECISION. *Page 2 
{¶ 1} Petitioner-appellant Garey Smith appeals the Hamilton County Common Pleas Court's judgment denying his postconviction petition. We affirm the court's judgment.
 {¶ 2} In May of 2001, Smith shot and killed Jimmy Gordon and shot and seriously injured Jeff King, Andre Ridley, and Steven Franklin. In September of 2002, Smith was convicted upon jury verdicts finding him guilty of murder in the death of Gordon; of attempted murder and two counts of felonious assault with specifications for shooting Ridley; of attempted murder and two counts of felonious assault with specifications for shooting Franklin; of two counts of felonious assault with specifications for shooting King; and of a single count of having a weapon under a disability. On appeal, we reversed Smith's convictions on the ground that he had been denied his right to represent himself at trial.[1]
 {¶ 3} In Smith's second trial, in October of 2004, the jurors failed to reach verdicts on the murder and attempted-murder charges. But they found Smith guilty of having a weapon under a disability and of two counts of felonious assault each for shooting Ridley, Franklin, and King.
 {¶ 4} In March of 2005, the state tried Smith a third time on the charge of murder in the shooting death of Gordon. The jury acquitted him.
 {¶ 5} In the interim between the second and third trials, Smith challenged his October 2004 convictions in a direct appeal to this court. We reversed his convictions for felonious assault upon King and remanded for a new trial on the charges. We also vacated the sentences imposed on the remaining counts and remanded for resentencing *Page 3 
under State v. Foster.[2] And we affirmed the balance of the judgment of conviction.[3] The Ohio Supreme Court dismissed Smith's appeal of our decision.[4]
 {¶ 6} Smith also, in the interim, challenged his October 2004 convictions by filing with the common pleas court a petition for postconviction relief under R.C. 2953.21 et seq. The common pleas court denied his petition, and this appeal followed.
 I. Motion to Appoint Counsel {¶ 7} Smith presents on appeal nine assignments of error.[5] We address first, and overrule, that aspect of his first assignment of error that challenges the common pleas court's refusal to appoint counsel to assist him in filing his postconviction petition. Smith was not entitled to appointed counsel because neither the state nor the federal constitution confers upon an indigent petitioner the right to be represented by counsel in a postconviction proceeding.[6]
 II. Postconviction Petition {¶ 8} Smith also assails, in his first assignment of error, the common pleas court's failure to conduct an evidentiary hearing on his petition. And in his remaining assignments of error, he essentially restates eight of the ten claims advanced in his petition. Read together and reduced to their essence, the assignments of error challenge the denial of his postconviction petition without an evidentiary hearing. The challenge is untenable.
 {¶ 9} To prevail on a postconviction claim, the petitioner must demonstrate an infringement of his rights in the proceedings resulting in his conviction that rendered *Page 4 
the conviction void or voidable under the state or federal constitution.[7] The petitioner bears the initial burden of demonstrating, through his petition, supporting affidavits, and the case record, "substantive grounds for relief."[8] A common pleas court may dismiss a postconviction claim without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief.[9]
 A. Res Judicata {¶ 10} The common pleas court denied Smith's petition upon its conclusion that his postconviction claims were barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding[,] except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial [that] resulted in that judgment of conviction or on an appeal from that judgment."[10] Thus, a common pleas court may apply the doctrine of res judicata to dismiss a postconviction claim if the claim presents a matter that can fairly be determined in a direct appeal without resort to evidence outside the record.[11]
 {¶ 11} In his third postconviction claim, Smith asserted that the trial court had denied him the right of compulsory process and the right to present witnesses in his defense when it quashed his subpoena of Cincinnati's mayor. In his sixth claim, Smith asserted that the court had denied him his right to represent himself at trial. In his seventh claim, he contended that he had been twice placed in jeopardy and had *Page 5 
received multiple punishments for a single offense. In his eighth claim, he asserted that the trial court had denied him due process and equal protection when it sentenced him to maximum, consecutive prison terms based upon factors not found by a jury or supported by the evidence. And in his ninth claim, he contended that his convictions had been based upon the victims' perjured testimony.
 {¶ 12} Smith's third, sixth, seventh, eighth, and ninth postconviction claims were wholly based upon matters contained in the trial record. Thus, the claims either were or could have been fairly determined in Smith's direct appeal. Therefore, the common pleas court properly applied the doctrine of res judicata to dismiss the claims.[12]
 {¶ 13} In his first postconviction claim, Smith challenged the trial court's impartiality. In his fourth claim, he contended that the trial court had denied him due process and equal protection when it had refused to instruct the jury on aggravated assault as an offense of inferior degree to felonious assault. And in his fifth claim, he contended that he had been denied a fair trial when the assistant prosecutor, during closing arguments, had referred to facts not in evidence.
 {¶ 14} In support of his first, fourth, and fifth claims, Smith offered evidence outside the record. Nevertheless, these claims were also subject to dismissal under the doctrine of res judicata, because they presented matters that either were or could have been fairly determined in his direct appeal without resort to such evidence.[13]
 B. Expert Opinion Testimony {¶ 15} In his tenth postconviction claim, Smith assailed the trial court's admission of expert opinion testimony by crime-scene examiner Ronald Camden *Page 6 
concerning ballistics. Smith asserted that Camden had not been qualified as a ballistics expert. And he argued that Camden's unqualified opinion was demonstrably prejudicial, because the opinion had contradicted Smith's testimony in the second trial, but had comported with his testimony in the third trial, and he had been acquitted of murder in the third trial.
 {¶ 16} In support of his tenth claim, Smith relied upon the record from his third trial. Because the claim depended for its resolution upon evidence outside the record of the second trial, the doctrine of res judicata did not operate to bar the claim.[14]
 {¶ 17} But the common pleas court properly dismissed Smith's tenth claim, albeit for the wrong reason.[15] Smith did not provide the court with the record from his third trial. Because Smith failed to support his tenth claim with outside evidence setting forth sufficient operative facts to demonstrate substantive grounds for relief, the claim was subject to dismissal without a hearing.[16]
 C. Continuance {¶ 18} In his second postconviction claim, Smith contended that he had been denied the effective assistance of counsel when the trial court denied his recently retained counsel's request for a continuance. The claim effectively challenged both trial counsel's competence in preparing for trial and the trial court's exercise of its discretion in refusing to grant a continuance to allow defense counsel more time to prepare. *Page 7 
 {¶ 19} The decision to grant or deny a continuance is committed to the sound discretion of the trial court. It will not be disturbed in the absence of some demonstration that the court abused its discretion.[17]
 {¶ 20} To prevail on a postconviction claim of ineffective assistance of defense counsel, the petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him.[18] To establish prejudice, the petitioner must show that counsel's deficient performance "so undermined the proper functioning of the adversarial process that the trial could not have reliably produced a just result."[19]
 {¶ 21} In support of his second claim, Smith argued that the trial court, by denying a continuance, had denied his trial counsel adequate time to prepare his defense, and that his acquittal in his third trial demonstrated that he had been thereby prejudiced. And he asserts on appeal that res judicata did not bar his claim.
 {¶ 22} Smith is right that res judicata did not bar this claim. Res judicata will not bar a postconviction challenge to trial counsel's effectiveness, when, as here, the same counsel represented the petitioner at trial and in his direct appeal, and when the challenge depends for its resolution upon evidence outside the record.[20] The same counsel represented Smith at trial and in his direct appeal. Moreover, his challenge to counsel's effectiveness depended for its resolution on the motion for a continuance, with trial counsel's supporting affidavit, and the judgment of acquittal entered in Smith's third trial. The motion and the affidavit were part of the record in the direct appeal; the judgment of acquittal was not. *Page 8 
 {¶ 23} In Smith's direct appeal, we addressed challenges to the trial court's exercise of its discretion in denying the continuance and to its effect on his trial counsel's performance. We noted that trial counsel had been well acquainted with Smith's case because he had successfully prosecuted Smith's first appeal. And we determined that the trial record showed that trial counsel's representation had been "more than adequate," and that the trial court had based its denial of the motion for a continuance on a sound reasoning process.
 {¶ 24} Although Smith proposed to support his claim with outside evidence in the form of the judgment of acquittal entered following his third trial, he neglected to submit with his postconviction petition either the judgment entry or the record of the proceedings leading to his acquittal. Thus, Smith failed to provide any outside evidence that might be said to alter our assessment in the direct appeal of the trial court's decision or of trial counsel's performance. We, therefore, hold that the common pleas court, again for the wrong reason, properly dismissed Smith's second postconviction claim without a hearing.[21]
 III. Conclusion {¶ 25} Upon our determination that the common pleas court properly declined to appoint counsel to assist Smith in submitting his postconviction petition and properly dismissed his postconviction claims without a hearing, we overrule the assignments of error. Accordingly, we affirm the court's judgment.
Judgment affirmed.
PAINTER, P.J., CUNNINGHAM and WINKLER, JJ.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] State v. Smith, 1st Dist. No. C-020610, 2004-Ohio-250.
[2] 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.
[3] State v. Smith, 1st Dist. No. C-040778, 2004-Ohio-250.
[4] State v. Smith, 112 Ohio St.3d 1407, 2006-Ohio-6447,858 N.E.2d 818.
[5] In his appellate brief, Smith has mislabeled his assignments of error as "Claim[s]."
[6] See Pennsylvania v. Finley, 481 U.S. 551, 556-57, 107 S.Ct. 1990;State v. Crowder (1991), 60 Ohio St.3d 151, 573 N.E.2d 652, paragraph one of the syllabus.
[7] See R.C. 2953.21(A)(1); State v. Powell (1993),90 Ohio App.3d 260, 264, 629 N.E.2d 13.
[8] See R.C. 2953.21(C).
[9] See id.; State v. Pankey (1981), 68 Ohio St.2d 58, 59,428 N.E.2d 413; State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus.
[10] State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
[11] See State v. Cole (1982), 2 Ohio St.3d 112, 114, 443 N.E.2d 169;State v. Perry, supra, paragraph nine of the syllabus.
[12] See id.; see, also, App.R. 6 (which provides that when, as here, an appellate court vacates a sentence in the direct appeal, a common pleas court reviewing a postconviction claim challenging the sentence may dismiss the claim on the ground that it is "moot").
[13] See id.
[14] State v. Cole, 2 Ohio St.3d at 114.
[15] See State v. Peagler, 76 Ohio St.3d 496, 1996-Ohio-73, 668 N.E.2d 4897, paragraph one of the syllabus (holding that "an appellate court may decide an issue on grounds different from those determined by the trial court," provided that "the evidentiary basis upon which the court of appeals decides a legal issue [has] been adduced before the trial court and [has] been made a part of the record thereof"); State v.Blankenship (1988), 38 Ohio St.3d 116, 119, 526 N.E.2d 816 (noting that a reviewing court will affirm a court that "reached the correct result even though for the wrong reason").
[16] See R.C. 2953.21(C); State v. Pankey (1981), 68 Ohio St.2d 58,59, 428 N.E.2d 413; State v. Jackson (1980), 64 Ohio St.2d 107,413 N.E.2d 819, syllabus.
[17] State v. Bayless, (1976), 48 Ohio St.3d 73, 357 N.E.2d 1035, vacated in part (1978), 438 U.S. 911, 98 S.Ct. 3135
[18] See Strickland v. Washington (1984), 466 U.S. 668, 694,104 S.Ct. 2052.
[19] State v. Powell (1993), 90 Ohio App.3d 260, 266, 629 N.E.2d 13
(citing Lockhart v. Fretwell [1993], 506 U.S. 364, 113 S.Ct. 838, andStrickland, supra).
[20] See State v. Cole, supra, syllabus.
[21] See R.C. 2953.21(C); State v. Pankey, supra, at 59; State v.Jackson, supra, syllabus. *Page 1