[Cite as *State v. Creech*, 2013-Ohio-3791.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :      Case No.   12CA3500

    vs.                                             :

SCOTT D. CREECH,                              :      DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.                    :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Elizabeth N. Gaba, 1231 East Broad Street, Columbus, Ohio 43205[1]

COUNSEL FOR APPELLEE:       Mark E. Kuhn, Scioto County Prosecuting Attorney, and Julie Cooke Hutchinson, Scioto County Assistant Prosecuting Attorney, 602 Seventh Street, Portsmouth, Ohio 45662

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-27-13
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment that

overruled motions (1) to vacate sentence, and (2) to file a delayed motion for postconviction

relief.   Scott D. Creech, defendant below and appellant herein, assigns the following errors for

review[2]:

_____

[1] Different counsel represented appellant during the trial court proceedings.

[2] Appellant did not include in his brief a separate statement of the assignments of error as App.R. 16(A)(3) requires.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO VACATE THE CONVICTION, AND FURTHER BY NOT FINDING THAT APPELLANT'S JUDGMENT OF CONVICTION AND SENTENCE IN 461 WAS VOID *AB INITIO* AND AS SUCH THAT THE COURT COULD VACATE THE VOID JUDGMENT AT ANY TIME.   THE COURT'S ACTIONS VIOLATED APPELLANT'S 5[th], 6[th] AND 14[th] AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION AND HIS RIGHTS UNDER ARTICLE 1, SECTIONS 10, 15 AND 16 OF THE OHIO CONSTITUTION."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION TO VACATE THE CONVICTION AND FURTHER BY NOT FINDING THAT APPELLANT'S JUDGMENT OF CONVICTION AND SENTENCE IN 461 WAS VOID *AB INITIO*. [sic] AS A MATTER OF LAW, WHEN A TERMINATION ENTRY FAILS TO CONFORM TO THE MANDATES OF CRIM.R. 32(C), IT IS NOT A FINAL APPEALABLE ORDER AND THEREFORE THERE HAS NOT BEEN EITHER A SENTENCE OR A CONVICTION."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT FINDING THAT CASE 461 SHOULD HAVE BEEN DISMISSED FOR STATUTORY AND CONSTITUTIONAL SPEEDY TRIAL VIOLATIONS. THE COURT'S ACTIONS VIOLATED APPELLANT'S 5[th], 6[th] AND 14[th] AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION AND HIS RIGHTS UNDER THE OHIO CONSTITUTION."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF

---

We take these assignments of error from the brief's Table of Contents.

APPELLANT BY DENYING HIS MOTION FOR LEAVE TO
LATE-FILE [sic] FOR POSTCONVICTION RELIEF."

**{¶ 2}** On March 31, 2008, the Scioto County Grand Jury returned an indictment that

charged appellant with: (1) the illegal possession of chemicals for the manufacture of

methamphetamine in violation of R.C. 2925.041(A); (2) the illegal manufacture of

methamphetamine in violation of R.C. 2925.04(A)/(C)(2); (3) four counts of possession of a

weapon or dangerous ordinance while under a disability in violation of R.C. 2923.13(A); (4) the

illegal manufacture of explosives in violation of R.C. 2923.17(B); and (5) trafficking of

methamphetamine in violation of R.C. 2925.03(A)(C)(1)(a).   That indictment was filed under

Case Number 08-CR-291 (291).

**{¶ 3}** On April 30, 2008, the Scioto County Grand Jury returned a second indictment.

This indictment is virtually identical to 291, except for a change to the mens rea in count ten.

The second indictment was filed in Case Number 08-CR-461 (461).[3]   Apparently, as these

proceedings wound their way through the trial court, some filings were made in 291 and some in

461.

**{¶ 4}** On August 12, 2008, 461 was consolidated for trial with criminal cases against

Lisa Pollitt and Terry L. Martin.   The matter came on for trial in September and October 2008.

At the conclusion of the trial, the jury found appellant guilty on ten of the eleven counts.[4]   The

---

[3] We take our information about 291 from appellant's motion in the trial court.     The record provided on appeal includes the original papers filed under 461.

[4] The charges on which appellant was ultimately convicted were the illegal possession of chemicals for the manufacture of drugs, illegal manufacture of drugs, four counts of having a weapon under disability, three counts of unlawful possession of dangerous ordinance and illegal manufacture of explosives.

verdict forms, however, all bore Case Number 291 rather than Case Number 461.[5]

**{¶ 5}**   On October 10, 2008, a judgment entry filed in 461 dismissed the remaining count and sentenced appellant to serve a cumulative total of nineteen years in prison.   The trial court also filed a November 3, 2008 entry that ordered that the verdict forms be amended to include the correct 461 case number, rather than the earlier (291) case number.

**{¶ 6}**   A notice of appeal, bearing the 461 case number, was filed on November 13, 2008.   We dismissed that appeal because it was filed out of rule.   The Scioto County Clerk of Courts filed our dismissal entry with case number 461 hand-written on the entry.   Later, we granted leave to pursue a delayed appeal.   Materials filed in pursuit of such leave bear the trial court's 461 case number and display a handwritten case number of 09CA3291.   We ultimately ruled that several of the offenses should have merged, as allied offenses of similar import, for purposes of sentencing and, thus, we affirmed in part and reversed in part the trial court's judgment. *State v. Creech*, 188 Ohio App.3d 513, 936 N.E.2d 79, 2010-Ohio- 2553 (4th Dist.) (*Creech I*).

**{¶ 7}**   On June 1, 2011, appellant commenced the instant actions that form the basis for this appeal.   Appellant filed a motion "to strike and vacate the supposed" jury verdicts and sentencing entry in case number 461.   The gist of appellant's argument is that cases 291 and 461 never merged, that the only entry that set the case for trial was filed in 291 and that no trial was held in that case.   Appellant further argued that all motions and continuances that would have extended the speedy trial limit were filed in 291 and, thus, if 461 is the actual case tried (in which

---

[5] As they appear in the record on appeal, however, the 291 case numbers have a line drawn through them and someone hand wrote the 461 case number(s).

no such motions or continuances had been filed), appellant's speedy trial rights had been violated.

**{¶ 8}**   On July 14, 2011, appellant also filed a motion for leave to file "delayed petition for postconviction relief."   In his motion, appellant stated that he adopted his arguments from the previous motion to vacate, but also sought leave if the court decided to treat that motion as a petition for postconviction relief.   In view of the confusing nature of the two cases, the trial court held a hearing (November 9, 2011) to try to sort things out and get "a better understanding of the facts."

**{¶ 9}**   On July 5, 2012, the trial court issued a detailed decision and judgment that overruled the motion to vacate and denied leave of court to file a postconviction relief petition out of rule.   Among other things, the court determined the two cases, in essence, merged into one another, the change of case numbers on the verdict forms simply corrected a clerical error and that no structural deficiency occurred in the trial court proceedings.   The court also held that appellant had not met the requirements for filing a delayed petition for postconviction relief. This appeal followed.

I

**{¶ 10}**  We first consider, out of order, appellant's second assignment of error that asserts that the October 10, 2008 sentencing entry is neither final nor appealable.

**{¶ 11}**  Appellate courts have appellate jurisdiction over final appealable orders.   Ohio Constitution, Article IV, Section 3(B)(2).   If the 2008 sentencing entry is not a final appealable order, we have no jurisdiction to consider this appeal and must dismiss the case.

**{¶ 12}**  Crim.R. 32(C) provides, in pertinent part, that "[a] judgment of conviction shall

set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." Appellant appears to assert that because the verdict forms bore Case Number 291, no verdicts were rendered in 461 and the trial court could not have complied with Crim.R. 32(C). We disagree.

{¶ 13} The Ohio Supreme Court has stated that a judgment of conviction and sentence satisfies Crim.R. 32(C), and constitutes a final, appealable order under R.C. 2505.02, if "it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at paragraph one of the syllabus.[6] The October 10, 2008 judgment satisfies these requirements. The judgment sets out the verdicts on each count and specifies all of the sentences, the judge signed the judgment and the judgment contained a clerk of courts time stamp. The verdicts may, or may not, have come from another case, but this does not change the fact that the text of the entry satisfies the Crim.R. 32(C) requirements. Consequently, the judgment is a final order and we have jurisdiction over this appeal. Appellant's second assignment of error is hereby overruled to this extent, and we now address the remaining arguments under this assignment of error.

II

---

[6] We acknowledge that *Lester* was decided years after appellant's conviction. Generally speaking, Ohio Supreme Court decisions apply retrospectively and "the effect is not that the former was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209, 210, 129 N.E.2d 467 (1955). One exception to this general rule is for decisions that create new constitutional rights and such decisions are applied prospectively. See *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, at ¶3, *partially overruled on other grounds by State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio- 3830, 935 N.E.2d 26, 2010-Ohio-3830, at paragraph one of the syllabus. The Ohio Supreme Court did not create any new right in *Lester*, but, rather, clarified and interpreted an existing rule and statute.

{¶ 14} We now turn to the fourth assignment of error wherein appellant argues that the trial court erred by not granting leave to file the postconviction relief petition out of rule. We disagree.

{¶ 15} Before we address the merits of appellant's argument, we pause to note that a motion to vacate a conviction and sentence, if filed after an appeal or after time has expired for filing an appeal, and raises constitutional challenges to the conviction and sentence, will be treated as a petition for postconviction relief. *State v. Files*, 6th Dist. No. L–11–1226, 2012-Ohio-3295, at ¶5; *State v. Timmons*, 10th Dist. No. 11AP–895, 2012-Ohio-2079, at ¶6. The vast majority, although not all, of the arguments appellant raised in his motion to vacate were made on constitutional grounds. Thus, appellant's arguments could only be considered if the trial court granted leave to file a delayed petition for postconviction relief. Without such leave, none of appellant's constitutional arguments in his motion to vacate would properly be before the trial court.

{¶ 16} Our analysis of the merits of the assignment of error begins with the proposition that a petition for postconviction relief must be filed no later than one hundred eighty days (180) days after trial transcripts are filed in the court of appeals. R.C. 2953.21(A)(2). In the case sub judice, the trial transcripts both bear file stamps dated May 12, 2009. Thus, appellant's 2011 motions fall outside the statutory time limit. A trial court is prohibited from entertaining a post conviction relief petition unless the requirements of R.C. 2953.23(A)(1) are met:

"Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section

2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."[7]

**{¶ 17}** We agree, albeit for reasons different than the trial court, that appellant failed to satisfy these requirements.   As to the first requirement, appellant concedes that the failure to file the petition in a timely manner occurred because his "prior attorneys [failed] to LOOK AT BOTH THE 291 AND THE 461 FILES." (Capitalization in original.)   Assuming this to be true, and further assuming there is merit to his underlying argument, we are not persuaded this amounts to being "unavoidably prevented" from discovering those facts.

**{¶ 18}** For purposes of R.C. 2953.23(A)(1), Ohio courts have defined   "unavoidably prevented" as meaning "a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Pianowski*, 2nd Dist. No. 25369, 2013-Ohio-2764, at ¶17; *State v. Brown*, 5th Dist. No. 2007-CA-00220, 2008-Ohio-639, at ¶21.   Here, counsel was not prevented from discovering the discrepancies on which appellant relies to assert his claim(s). Instead, counsel may not have thoroughly examined the files.   The fact that appellant raises claims of ineffective assistance of counsel suggests that the bases for his claims could have been uncovered if "reasonable diligence" had been exercised.

---

[7]   R.C. 2953.23 also allows for petitions to be filed out of rule under subsection (A)(2), but that applies to DNA test results and has no bearing on this case.

**{¶ 19}** Moreover, appellant himself could have exercised reasonable diligence as well. No right to appointed counsel exists in postconviction proceedings. *State v. Chubb*, 10th Dist. No. No. 08AP-232, 2008-Ohio-4549, at ¶12; *State v. Smith*, 1st Dist. No. C-060387, 2007-Ohio-2796, at ¶7. Many petitioners file petitions pro se after they have researched their claims.[8]

**{¶ 20}** Appellant does not attempt to prove the second prong of R.C. 2953.23(A)(1) showing that no reasonable finder of fact would have found him guilty but for the alleged constitutional errors. Indeed, appellant's argument (both below and on appeal) is based on procedure rather than fact. In the absence of the alleged procedural errors, appellant does not argue that the trier of fact would have reached a different conclusion, and we cannot reach that conclusion after our review of the record.

**{¶ 21}** For all of these reasons, we conclude that the trial court properly denied appellant leave to file a delayed postconviction relief petition.

**{¶ 22}** Appellant, however, counters with two arguments. First, he contends that R.C. 2953.23(A) in not jurisdictional. We, however, have held on several occasions that it is. See e.g. *State v. Shadoan*, 4th Dist. No. 10CA904, 2011-Ohio-4400, at ¶16; *State v. Davis*, 4th Dist. No. 10CA25, 2011–Ohio–1706, at ¶9. Nothing in appellant's brief prompts us to change our position on that issue.

**{¶ 23}** Second, even if R.C. 2953.23(A) is jurisdictional, appellant contends it is an unconstitutional statute of repose. Generally, statutory enactments enjoy a strong presumption of constitutionality. See *State v. Williams*, 126 Ohio St.3d 65, 2010–Ohio–2453, 930 N.E.2d 770,

---

[8] Because there is no assertion of a new federal or state right recognized by the United States Supreme Court, we do not analyze that prong of R.C. 2953.23(A)(1)(a).

at ¶20; *State v. Cook*, 83 Ohio St.3d 404, 409, 700 N.E.2d 570 (1998). Although we have not

previously addressed this particular issue, our colleagues in *State v. Gulertekin*, 10th Dist. No.

99AP-900, 2000 WL 739431 (Jun. 8, 2000) concluded:

> "In so concluding, we next determine appellant's claim that the jurisdictional
> provisions in R.C. 2953.21 and 2953.23(A) are unconstitutional statutes of repose
> in violation of Section 16, Article I of the Ohio Constitution. Section 16, Article I
> of the Ohio Constitution provides:
>
> All courts shall be open, and every person, for an injury done him in his land,
> goods, person, or reputation, shall have remedy by due course of law, and shall
> have justice administered without denial or delay. * * *
>
> The Ohio Supreme Court has held that Section 16, Article I of the Ohio
> Constitution does not provide:
>
> * * * [A]n unlimited, absolute guarantee that every cognizable claim filed in a
> court of general jurisdiction will be litigated to a final conclusion in such court.
> Litigants may find their claims barred by a reasonable statute of limitations, stayed
> by lawful injunction, dismissed by summary judgment and tempered by any
> number of other devices consonant with due process or "due course of law." * * *
> [ Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988), 35 Ohio St.3d 123, 132,
> 519 N.E.2d 370.]
>
> Rather, the Ohio Supreme Court has held that Section 16, Article I of the Ohio
> Constitution requires that individuals have a reasonable period of time to seek
> redress of their claimed injuries. Brennaman v. R.M.I. Co. (1994), 70 Ohio St.3d
> 460, 466, 639 N.E.2d 425. Thus, the provision prohibits the Ohio Legislature
> from depriving a claimant access to courts before he or she knew or should have
> known of her injury. Id.

In this case, we initially conclude that the jurisdictional provisions in R.C. 2953.21 and
2953.23(A) are not unconstitutional statutes of repose as applied to appellant. For the reasons
noted above, appellant has not demonstrated that she was precluded from timely asserting claims
in her post-conviction relief petition.

Having so concluded, we generally determine that the jurisdictional provisions in R.C. 2953.21
and 2953.23(A) are not unconstitutional statutes of repose in violation of the Ohio Constitution.
The provisions allow a defendant reasonable time to investigate his or her case, preserve all
defenses and objections, and present all viable claims to court. Moreover, as noted above, the
provisions contain procedures to allow a trial court to entertain untimely petitions. See R.C.

2953.23(A)."[9]

{¶ 24} We find this reasoning highly persuasive. Appellant has not been denied "access to the courts" as he asserts in his brief. To the contrary, he prosecuted his appeal in *Creech I*, could have filed a timely postconviction relief petition and, as we discuss infra, may yet have another option open to assert his claims.

{¶ 25} For all of these reasons, we find no merit to appellant's fourth assignment of error and it is hereby overruled.

### III

{¶ 26} As we noted previously, our resolution of appellant's fourth assignment of error is largely dispositive of the entire case. The constitutional arguments advanced in his motion to vacate the conviction and sentence had to be considered as if they were made in a delayed petition for postconviction relief and, as we concluded, the trial court did not err by denying him leave to file such a petition out of rule. We now consider several issues from the first and third assignments of error, as well as the remainder of the second assignment of error.

{¶ 27} First, as to the underlying premise of appellant's claims in the trial court and here on appeal, no doubt exists that the case sub judice has been fraught with procedural irregularities and mishaps.[10] However, we disagree with appellant's argument that these issues are "structural

---

[9] The Preble County Court of Appeals appears to have adopted the same reasoning, but does not expressly mention the notion of a statute of repose. See *State v. McGuire*, 12th Dist. No. CA2000-10-011, 2001 WL 409424 (Apr. 23, 2001).

[10] This seems to have been a recurring theme associated with appellant and his co-defendants. In Lisa Pollitt's direct appeal, we noted that the trial court's judgment erroneously identified Pollitt as "Scott D. Creech" (appellant herein). Because neither side raised the issue, we chose to ignore it. See *State v. Pollitt*, 4th Dist. No. 08CA3263, 2010-Ohio-2556, at ¶8, fn. 2.

errors" of such magnitude as to deprive him of a fair trial and render all proceeding(s) void.

{¶ 28} "Structural errors" are constitutional defects that defy "harmless error" analysis because they affect the entire framework within which a trial proceeds, rather than simply being an error in the trial process itself. *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶17; also see generally *Arizona v. Fulminante*, 499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). In *Fulminante*, the United States Supreme Court listed examples of errors so great that they defy harmless error analysis and, thus, must be considered structural errors. Those examples include (1) a total deprivation of right to counsel, (2) a partial judge presiding over the case, (3) the illegal exclusion of members of one's own race from the jury, and (4) the deprivation of one's right to a public trial. 499 U.S. at 309-310. "Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." Id. at 310; also see *Rose v. Clark*, 478 U.S. 570, 577-578, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) (Citations omitted.)

{¶ 29} Both the Ohio and United States Supreme Courts have warned that structural error should be recognized in the rarest of circumstances. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, at ¶47; *Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). Here, appellant has not persuaded us that the procedural irregularities and mishaps rose to the level of structural error.

{¶ 30} The overall gist of appellant's argument appears to be that the 2008 jury trial was conducted in case number 291, but the judgment of conviction and sentence was entered in case number 461. Thus, appellant argues that he was convicted and sentenced without the panoply of

trial rights that the Ohio and United States Constitutions affords him.   We, however, disagree with appellant's argument that the trial was conducted in Case No. 291.   On August 12, 2008, Case No. 461 was ordered consolidated with Lisa Pollitt's case.   The 2008 transcripts reveal that counsel for both appellant and Pollitt appeared at the trial.   When the jury pool appeared for voir dire, the trial judge informed them the "style of this case is State of Ohio versus Scott Creech and State of Ohio versus Lisa Pollitt."   Pollitt's case was not consolidated with 291, but rather consolidated with 461, the case that was tried.

{¶ 31} We acknowledge, as appellant repeatedly emphasizes in his brief, that the notice scheduling the trial was filed in 291 rather than 461.   The fact remains, however, that appellant and his trial counsel were present and participated at trial.   Nothing in the record indicates that appellant objected to any misfiling of the notice, and appellant has not cited the record where he asked for, but was denied, additional time.   Appellant also does not cite anything in the transcript or original papers to suggest that he was denied any other trial right guaranteed under the Ohio or United States constitutions.   Consequently, we believe that the use of the 291 case number on the verdict forms (instead of 461) is a clerical mistake, and at worse a minor procedural error, that did not affect the "fundamental fairness of the entire proceeding."

{¶ 32} Once again, as appellant points out in his brief, we acknowledge the trial court did not formally consolidate the two cases.   Nevertheless, these procedural mishaps neither deprived appellant of any fundamental rights nor fundamental fairness.   Mislabeled case numbers on the jury verdict forms, and the placement of some filings in 291 and others in 461, are issues that could have been raised in the trial court where they could have been corrected and any alleged prejudice could have been alleviated.   They were not.   Appellant has not persuaded us that this

rises to the level of plain error under Crim.R. 52(B), let alone structural, constitutional error.[11]

{¶ 33} Appellant could also have raised these issues in *Creech I,* but did not. The Ohio Supreme Court has held that the doctrine of res judicata applies when determining whether postconviction relief is warranted under R.C. 2953.21. See *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233, at the syllabus (1996); *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph eight of the syllabus (1967). In other words, a petitioner may not raise, for purposes of postconviction relief, any error that was raised, or could have been raised, on direct appeal. *State v. Franklin*, 4th Dist. No. 05CA9, 2006–Ohio–1198, at ¶10; *State v. Peeples*, 4th Dist. No. 05CA25, 2006–Ohio–218, at ¶11. Here, the alleged errors could have been discovered and raised in *Creech I*.

{¶ 34} We are mindful that the Ohio Supreme Court has restricted res judicata to voidable judgments only; it has no application to judgments that are void ab initio. *State v. Simpkins*, 117 Ohio St.3d 420, 884 N.E.2d 568, 2008–Ohio–1197, at ¶30. Thus, to raise the non-constitutional issues in this court or the trial court is to show that the 2008 judgment of conviction and sentence is void. See generally *State v. Sowards*, 4th Dist. No. 09CA8, 2011-Ohio-1660, at ¶10. Although appellant attempts to make that argument in his first assignment of error, we do not find it persuasive.

{¶ 35} First, appellant cites no authority with the unusual procedural posture of this case

---

[11] Both the Ohio and United States Supreme Court have expressed doubt as to whether a "structural error" analysis would apply in the case of an alleged error made without an objection. See *State v. Hill*, 92 Ohio St.3d 191, 749 N.E.2d 274 (2001); also see generally *Johnson v. United*, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Here, it appears that no objection was lodged to any of the alleged errors on which appellant relies and, thus, he asks us to go where both the state and federal supreme courts have warned courts to tread carefully. Fortunately, we need not do so because we do not believe that any of the alleged errors rise to the level of structural error.

and we have found nothing like it in our research.   Second, as to appellant's reliance on the phrase "due process of law," we do not find that appellant was denied due process rights by any of the alleged procedural errors.

{¶ 36} The guarantee that no one will be deprived of their liberty without "due process of law" ensures rights of notice, as well as an opportunity to be heard and to offer testimony.   See e.g. *State v. Warmus*, 197 Ohio App.3d 383, 2011- Ohio-5827, 967 N.E.2d 1223, at ¶63 (8th Dist.); *In re E.J.M.*, 5th Dist. No. 2010CA171, 2011- Ohio-977, at ¶17; *State v. Coyle*, 2nd Dist. No. 23450, 2010-Ohio- 2130, at ¶12.   Here, appellant and his co-defendant participated in a three day trial.   He obviously had notice of the trial.   Appellant called no witnesses to testify on his behalf, and cites nothing in the transcript to show that he was denied that right or not provided sufficient time to issue a subpoena.   In short, we fail to see how appellant was denied any element of due process under the Fourteenth Amendment to the United States Constitution. For these reasons, we are not persuaded the judgment against him is void ab initio.

{¶ 37} Appellant also cites *State v. English*, 21 Ohio App.3d 130, 486 N.E.2d 1212 (1985) for the proposition that the court erroneously corrected the jury verdict forms after the jury was discharged.   However, we find *English* distinguishable from the case at bar for several reasons.   First, *English* was before the Court on a first appeal of right.   The case sub judice was before us on a direct of appeal of right in *Creech I*.   The question now is whether the issue of an amended verdict form can be raised at this late date and we hold that it cannot under the doctrine of res judicata.   More important, the modification to the verdict in *English* changed the actual crime for which appellant was found guilty.   Here, the change to the verdict form only involved

the case number.[12]

**{¶ 38}** We also agree with the trial court that its November 3, 2008 entry that ordered

that the verdict forms be amended to reflect the correct 461 case number, rather than the 291 case

number, is in the nature of a permissible nunc pro tunc judgment.   The Ohio Supreme Court has

indicated such entries may be used at any time to correct errors in the record that arise from

oversight or omission.   See generally *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967

N.E.2d 718, at ¶13.   Nunc pro tunc entries may generally be used to correct clerical mistakes and

errors. See *State v. Messenger*, 4th Dist. No. 10CA34, 2011-Ohio-2017, at ¶9; *State v. Damron*,

4th Dist. 10CA3375, 2011-Ohio-165, at ¶10; *State v. Johnson*, 4th Dist. Nos. 07CA3135 &

07CA3136, 2007-Ohio-7173, at ¶11.

**{¶ 39}** As we noted above, we readily acknowledge that this case has, unfortunately,

suffered from many clerical errors.   However, the number of those errors does not change the

fact that they are clerical in nature.   Undoubtably, the better practice would have been to

consolidate the two cases, to dismiss 291 after 461 was created, or at least take some measure to

ensure that all the filings were made with the correct case number and bore the correct case

number.   Nevertheless, nothing in the record indicates that the trial court intended to maintain

two parallel cases (that would have negated its ability to use a nunc pro tunc entry), nor do we

find anything in the record to show that appellant was somehow prejudiced.

**{¶ 40}** Appellant also argues that he was denied the effective assistance of trial counsel,

as well as the effective assistance of appellate counsel.   As to appellant's first claim, that claim

---

[12] The Hamilton County Court of Appeals in *English* noted that there exists "no authority directly on point" with its decision in that case. 21 Ohio App.3d at 130.

cannot be raised for several reasons. First, it is a constitutional claim that, as we discuss above, could be raised in the trial court if appellant was granted leave to file a delayed postconviction relief petition.[13] He was not and he cannot raise it now. Furthermore, appellant's claim could have been raised during the first appeal of right, but was not, and is now barred from being raised in these proceedings by the doctrine of res judicata. See *State v. Lofton*, 4th Dist. No. 12CA21, 2013-Ohio-1121, at ¶8.

{¶ 41} Insofar as appellant's argument that he was denied effective assistance from appellate counsel, the proper vehicle to raise that issue is an application to reopen appeal. App.R. 26(B); *Sowards*, supra, at ¶21, fn. 4; *State v. Brown*, 2nd Dist. No. 24602, 2012-Ohio-1425, at ¶14. Claims regarding ineffective assistance of appellate counsel are not cognizable in petitions for postconviction relief. *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992).[14]

{¶ 42} Finally, we address appellant's speedy trial arguments. To the extent that those arguments are based on his constitutional speedy trial rights, such arguments could only be asserted in a delayed postconviction relief petition that the trial court denied, and we affirm that denial. As for appellant's statutory speedy trial rights, this is an issue that could have been raised, but was not, in *Creech I* and is now barred from consideration by res judicata. See generally *State v. Pasturzak*, 4th Dist. No. 98CA2587, 1999 WL 914 (Dec. 17, 1998).

---

[13] The seminal case on ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is based the right of counsel contained in the Sixth Amendment to the United States Constitution.

[14] Here again, appellant is required to show "good cause" why he could not file such an application within the ninety day deadline. App.R. 26(B)(1). Id. at (B)(2)(a).

{¶ 43} We also note that all of appellant's speedy trial arguments appear to be based on the premise that he was tried in case number 461 (even though appellant spends most of his brief arguing he was tried in 291), whereas the filings that would have tolled speedy trial time were filed in case number 291. In other words, had the two cases been combined it does not appear that appellant would claim any speedy trial violation. Obviously, we need not, and do not, address this issue here, but it does lend support to the fact appellant that has suffered no prejudice springing from the clerical or procedural mishaps.

{¶ 44} For all of these reasons, we find no merit to appellant's first and third assignments of error, or to the remainder of his second assignment of error and they are, for these reasons, hereby overruled.

{¶ 45} Before we conclude, we emphasize that if appellant could, in any way, demonstrate prejudice in any of these procedural missteps, our ruling may well have been different. However, despite his counsel's expert and thorough arguments, we fail to see error of such magnitude to persuade us that appellant endured any deprivation of a constitutional right. We are also unpersuaded that any true structural error occurred during the proceedings or, as mentioned above, that he suffered any prejudice from the misfilings in these two cases.

{¶ 46} According, having considered all of the errors assigned and argued, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs

herein taxed.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.   Exceptions.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.