[Cite as *State v. Wilson*, 2014-Ohio-293.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO, : 

    Plaintiff-Appellee, :   Case No.  12CA3354

vs. : 

RICHARD H. WILSON, :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. : 

_____

APPEARANCES:

COUNSEL FOR APPELLANT:   James S. Sweeney, James Sweeney Law, L.L.C, 673 Mohawk Street, Ste. 403, Columbus, Ohio 43206

COUNSEL FOR APPELLEE:   Matthew S. Schmidt, Ross County Prosecuting Attorney, and Jeffrey C. Marks, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

CRIMINAL APPEAL FROM COMMON PLEAS
DATE JOURNALIZED: 1-27-14
ABELE, P.J.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment that classified Richard H. Wilson, defendant below and appellant herein, a sexual predator.

Appellant assigns the following error for review[1]:

> "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF
> COUNSEL IN VIOLATION OF THE FIFTH, SIXTH, AND
> FOURTEENTH AMENDMENTS TO THE UNITED STATES

---

[1] Appellant's brief does not include a separate statement of the assignments of error. See App.R. 16(A)(3). Thus, we take the assignments of error from the brief's Table of Contents.

CONSTITUTION, THUS RENDERING HIS GUILTY PLEA
INVOLUNTARY."

**{¶ 2}**   On June 27, 2008, the Ross County Grand Jury returned an indictment that

charged appellant with two counts of rape and four counts of gross sexual imposition.[2]   In June

2009, appellant entered guilty pleas to six offenses and was sentenced to serve an aggregate total

term of ten years in prison[3].   No appeal was taken from that judgment.

**{¶ 3}**   At this point, the proceedings appear somewhat confusing.   The Ross County

Common Pleas Court website shows no determination of sexual offender status.   However, on

April 10, 2012, appellant filed a pro se motion for reconsideration of his sexual offender status.

At the September 14, 2012 hearing, the trial court determined appellant to be a sexual predator.

This appeal followed.

**{¶ 4}**   Appellant argues in his assignment of error that he received constitutionally

ineffective assistance of trial counsel prior to entering guilty pleas to the six offenses. However,

appellant's notice of appeal in this case is taken from the trial court's sexual offender

classification decision and judgment.   Appellate courts may only review and "affirm, modify, or

reverse the judgment or final order underlined appealed." (Emphasis added.) App.R. 12(A)(1)(a).   Here, the

order being appealed is not the original judgment of conviction, but, rather, the October 5, 2012

sexual offender classification.   Appellant does not challenge his sexual offender classification on

---

[2] The original papers are not part of the record in this particular phase of the proceedings.     Thus, we take our history of these proceedings from the Ross County Court of Common Pleas website. See http://gov.courtview.com/OH.Ross.CP/CaseDetail/default.aspx?csnr=08CR000319 (accessed November 25, 2013).

[3] We say "six offenses" rather than "those offenses" because the State asserts in its brief that the charges were amended as a part of the plea agreement.

appeal and we cannot consider other issues at this time.

{¶ 5} Second, even if the Rules of Appellate Procedure allowed us to consider a judgment other than the one being appealed, it is well-settled that under the doctrine of res judicata, issues that could have been raised in an appeal of right are barred from being raised in later proceedings. See e.g. *State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791, at ¶40; *State v. Lofton*, 4th Dist. Pickaway No. 12CA21, 2013–Ohio–1121, at ¶8. In the case sub judice, ineffective assistance of trial counsel is an issue that could have, and should have, been raised in a first appeal of right. It was not. Consequently, res judicata now bars this issue from being raised at this stage of the proceedings.

{¶ 6} Accordingly, for all of these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

**[Cite as *State v. Wilson*, 2014-Ohio-293.]**

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

<u>**NOTICE TO COUNSEL**</u>

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.