[Cite as *State v. Creech*, 2020-Ohio-582.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :          Case No.   19CA3877

    vs.                             :

SCOTT D. CREECH,                        :          DECISION AND JUDGMENT
                                              ENTRY

    Defendant-Appellant.            :

_____

APPEARANCES:

Scott D. Creech, Chillicothe, Ohio, pro se.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant
Prosecuting Attorney, Portsmouth, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-12-20
ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that denied a

"motion to vacate void judgment" filed by Scott D. Creech, defendant below and appellant herein.

Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION
> BY DENYING THE DEFENDANT'S PROPERLY FILED
> MOTION TO VACATE A VOID JUDGMENT WHICH WAS
> BASED ON FRUITS OF POISONOUS TREE, AMOUNTING TO A
> FOURTEENTH AMENDMENT VIOLATION OF DEFENDANT'S
> DUE PROCESS RIGHTS."

SECOND ASSIGNMENT OF ERROR:

"TRIAL AND APPELLATE COUNSELS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL - IN VIOLATION OF THE SIXTH AMENDMENT - THROUGHOUT THE PROCESS, WHEN NO ARGUMENTS AGAINST THE USE OF ILLEGALLY SEIZED EVIDENCE WAS INTRODUCED TO THE GRAND JURY AND AT TRIAL - WITHOUT OBJECTIONS FROM TRIAL COUNSEL OR CITED AS A ASSIGNMENT OF ERROR BY COUNSEL WHO KNOWINGLY PERMITTED A MANIFEST INJUSTICE TO OCCUR."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT FAILED TO PROVIDE RELIEF FROM SUPPRESSION OF SAID EVIDENCE, WHEN THE COURT KNOWINGLY ALLOWED TRIAL COUNSEL'S FAILURE TO PROSECUTE DEFENDANT'S PROPERLY FILED MOTION TO SUPPRESS, WHEN PRIMA FACIE EVIDENCE EXISTED IN SUPPORT OF THE UNLAWFUL SEARCH AND LATER SEIZURE OF EVIDENCE FROM THE RESIDENCE."

{¶ 2} On April 30, 2008, the Scioto County Grand Jury returned an indictment that charged appellant with (1) the illegal possession of chemicals for the manufacture of drugs, (2) the illegal manufacture of drugs, (3) four counts of having a weapon while under a disability (counts three through six), (4) three counts of unlawful possession of dangerous ordnance (counts seven through nine), (5) illegally manufacturing or possessing explosives, and (6) trafficking in methamphetamine.[1]

{¶ 3} Subsequently, the jury found appellant guilty of (1) the illegal possession of chemicals for the manufacture of methamphetamine, (2) the illegal manufacture of drugs, (3) having a weapon

---

[1] The trial court later dismissed the trafficking count.

(a rifle) while under disability, (4) having a weapon (detonation cord) while under disability, (5) having a weapon (sensitized ammonium nitrate) while under disability, (6) having a weapon (blasting caps) while under disability, (7) unlawful possession of dangerous ordnance (sensitized ammonium nitrate), (8) unlawful possession of dangerous ordnance (blasting caps), (9) unlawful possession of dangerous ordnance (detonation cord), and (10) illegally manufacturing or processing explosives.

{¶ 4} On October 10, 2008, the trial court sentenced appellant to serve a total of 19 years in prison as follows: (1) five years for the illegal possession of chemicals for manufacture of methamphetamine (count one), (2) six years for the illegal manufacture of drugs (count two), (3) two years for having a weapon (rifle) while under disability (count three), (4) four years on each of the three having a weapon while under disability offenses that involved the detonation cord, the blasting caps, and the sensitized ammonium nitrate (counts four through six), (5) 11 months for each of the offenses of unlawful possession of dangerous ordnance (counts seven through nine), and (6) seven years for illegally manufacturing or processing explosives (count ten).   The court ordered (1) the sentences for counts one and two to be served concurrently, (2) the sentence for count three to be served consecutively to counts one and two, (3) the sentences for counts four, five, and six to be served concurrently with each other, but consecutively to counts one and two and to count three, (4) the sentences for counts seven, eight, and nine to be served concurrently with each other and concurrently with counts four through six, and (5) the sentence for count ten to be served consecutively to counts one and two, count three, and counts four, five, and six.[2]

---

[2] These facts are taken largely from our decision in *State v. Creech*, 4th Dist. Scioto No. 09CA3291, 2010-Ohio-2553 (*Creech I*).

{¶ 5} On appeal, this court affirmed in part, reversed in part, and remanded. Specifically, we held that the convictions for having a weapon while under disability that stemmed from explosive materials (detonation cord, blasting caps, and sensitized ammonium nitrate) must be merged into the having a rifle while under disability count. Because the trial court sentenced appellant on each of these three offenses, we reversed the trial court's judgment on counts four, five, and six and remanded for resentencing. We further reversed and remanded the trial court's judgment of conviction and sentence for counts seven, eight, and nine, because we concluded that the three unlawful possession counts must be merged. *State v. Creech*, 4th Dist. Scioto No. 09CA3291, 2010-Ohio-2553, ¶ 26 and 37 (jurisdiction denied, *State v. Creech*, 126 Ohio St.3d 1600, 2010-Ohio-4928, 935 N.E.2d 46). (*Creech I*)

{¶ 6} On June 1, 2011, appellant filed a motion "to strike and vacate the supposed" jury verdicts and sentencing entry. On July 4, 2011, appellant also filed a motion for leave to file "delayed petition for post-conviction relief." On July 5, 2012, the trial court overruled the motion to vacate and denied leave to file a post-conviction relief petition out of rule. This court affirmed the trial court's judgment. *State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791 (jurisdiction denied, *State v. Creech,* 137 Ohio St.3d 1475, 2014-Ohio-176, 2 N.E.3d 269, and certiorari denied, *Creech v. Ohio,* 135 S.Ct. 250, 190 L.Ed.2d 186). (*Creech II*)

{¶ 7} On November 19, 2015, appellant filed a pro se motion to dismiss based on alleged due process and speedy trial violations. The trial court held a hearing on December 21, 2015 on the resentencing, and, on December 23, 2015, overruled and dismissed appellant's motion to dismiss. Subsequently, this court affirmed the trial court's judgment. *State v. Creech,* 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, (jurisdiction denied by *State v. Creech,* 151 Ohio St.3d 1428, 2017-

Ohio-8371, 84 N.E.3d 1065, and jurisdiction denied by *State v. Creech,* 152 Ohio St.3d 1466, 2018-Ohio-1795, 97 N.E.3d 502) (*Creech III).* After this court affirmed the trial court's judgment, appellant filed a timely pro se App.R. 26(B) application to reopen. We declined to grant defendant's application to reopen the appeal.

{¶ 8} On September 24, 2018, appellant again filed a motion to vacate his conviction and sentence. On May 8, 2019, the trial court denied the motion. This appeal followed.

{¶ 9} Because appellant's first and third assignments of error raise related issues, we address them together. In his first assignment of error, appellant asserts that the trial court erred and abused its discretion by denying his "properly filed motion to vacate a void judgement which was based on fruits of poisonous tree, amounting to a Fourteenth Amendment violation" of appellant's due process rights. In his third assignment of error, appellant contends that the trial court "erred when it failed to provide relief from illegally obtained evidence, since the court knowingly or should have known due to previous interaction with this case."

{¶ 10} The trial court construed appellant's motion as a petition for post-conviction relief and pointed out that appellant did not request leave to file a delayed petition. In addition to the timeliness issue and the failure to request leave to file a delayed petition, the trial court also held:

> [T]he Defendant has already raised, or had the opportunity on multiple occasions, to raise these issues before the Fourth District Court of Appeals. Indeed, in 2013-Ohio-3791 he directly raised the issue that the judgment was void. As the Fourth District stated then, "Defendant could also have raised these issues in *Creech I*, but did not." *State v. Creech,* 2013-Ohio-3791, ¶ 33. Defendant has had multiple appeals before the Fourth District. He has either already raised, or could have raised, these arguments before the present filing. As such, his current claim is barred by res judicata.
>
> The motion will be denied as Defendant has not asked leave to file a delayed petition for post conviction relief and because the issues he attempts to raise either have been

or already should have been raised on his direct appeal.

{¶ 11} We initially observe that this appeal is one of many of appellant's appeals to this court. In addition to appellant's failure to obtain leave to file a delayed petition, under the doctrine of res judicata "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on an appeal from that judgment." *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 103 (1967), paragraph nine of the syllabus. "'Res judicata does not, however, apply only to direct appeals, but to all post-conviction proceedings in which an issue was or could have been raised.'" *State v. Heid*, 4th Dist. Scioto No. 15CA3710, 2016-Ohio-2756, ¶ 18, quoting *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 42 (8th Dist.)

{¶ 12} As the trial court observed, in *Creech II* (2013-Ohio-3791) appellant raised the issue that the trial court's judgment is void. As the trial court held, criminal defendants may not raise issues that either have, or could have, been raised and resolved. To the extent that appellant's motion raises various constitutional claims, his request constitutes an untimely petition for post-conviction relief that the trial court could not address. R.C. 2953.23(A)(1) and (2); *State v. Hamilton,* 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, ¶ 20; *State v. McDougald*, 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 22-23. Moreover, because appellant either raised, or could have raised, these issues in his prior direct appeal, we agree with the trial court that res judicata bars appellant's claims set forth in his first and third assignments of error.

{¶ 13} Thus, we overrule appellant's first and third assignments of error.

II.

**{¶ 14}** In his second assignment of error, appellant asserts that both trial and appellate counsel "provided ineffective assistance of counsel- in violation of the Sixth Amendment - throughout the process, when no arguments against the use of illegally seized evidence was introduced to the Grand Jury and at trial - without objections from trial counsel or cited as a assignment of error by counsel who knowingly permitted a manifest injustice to occur."

**{¶ 15}** To the extent that appellant previously raised the alleged ineffectiveness of multiple attorneys involved both at trial and during the appellate process, this issue has been addressed in appellant's pro se App.R. 26(B) application to reopen appeal, as well as in *Creech I*.  Moreover, appellate counsel is not required to raise and argue assignments of error that are without merit, nor is counsel ineffective for the failure to raise every conceivable assignment of error.  *State v. Worley*, 8th Dist. Cuyahoga No. 103105, 2017-Ohio-649, ¶ 4, citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *State v. Gumm*, 73 Ohio St.3d 413, 653 N.E.2d 253 (1995).  Finally, to the extent that this assignment of error also raises a constitutional issue, the trial court properly concluded that the request constitutes an untimely petition for post-conviction relief that the trial court could not address.  Therefore, we conclude that appellant's second assignment of error is without merit.

**{¶ 16}** Accordingly, based upon the foregoing reasons, we overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

SCIOTO, 19CA3877

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

SCIOTO, 19CA3877

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.